UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| IN RE APPLICATION OF USA PURSUANT | ) | ML No: 23-1674 |
| TO 18 U.S.C. § 3512 FOR ORDER FOR | ) | |
| COMMISSIONER'S APPOINTMENT FOR | ) | |
| FRAUD INVESTIGATION | ) | |
| | ) | |

*Reference:*      *DOJ Ref. # CRM-182-87904*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,
respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,
appointing the undersigned attorney, Michael E. Eaton, Trial Attorney, Office of International
Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently
designated by the Office of International Affairs), as a commissioner to collect evidence and to
take such other action as is necessary to execute this and any subsequent, supplemental requests
for assistance with the above-captioned criminal matter from Bulgaria.  In support of this
application, the United States asserts:

RELEVANT FACTS

1.      The Supreme Cassation Prosecutors Office of the Republic of Bulgaria, submitted
a request for assistance (the Request) to the United States, pursuant to the principles of comity
and reciprocity.

2.      As stated in the Request, the Sofia Regional Prosecutor's Office in Bulgaria is
investigating unknown subjects for fraud, which occurred between approximately March 21,
2022, and May 31, 2022, in violation of the criminal law of Bulgaria, specifically, Article 212a,

para. l and Article 18, para. 1 of the Bulgarian Criminal Code.  Although the United States has

no treaty obligation to assist Bulgaria, it generally does so as a matter of comity.

      3.      According to Bulgarian authorities, a Bulgarian company (the victim company)

had a commercial relationship with a South Korean media company.  In approximately April

2022, an unknown subject posed as a representative of this media company and sent an email

informing the victim company that there had been a change to the media company's bank

account information.  The unknown subject indicated that the media company's new bank

account was Wells Fargo Bank, N.A. account number xxxxxx9438, located in the United States.

On April 29, 2022, the victim company made a payment in the amount of EUR 465,931.68 (USD

489,867) to Wells Fargo Bank, N.A. account number xxxxxx9438.  On May 11, 2022, the victim

company made another payment in the amount of EUR 420,012.20 (USD 443,134) to the Well

Fargo Bank account number xxxxxx9438, but it was delayed while passing through a

correspondent bank.  The victim company ultimately demanded the money back and informed

the unknown subject that it wanted to send payment to a bank account in Europe. The unknown

subject, still posing as a representative of the media company, then provided information about a

new bank account in the Republic of Georgia.

      4.      The victim company made four bank transfers to the Georgian bank account:

EUR 76,820 (USD 80,935.20) on May 20, 2022; EUR 840,024.40 (USD 886,444) and EUR

389,111.68 (USD 410,614) on May 23, 2022, and EUR 770,277.48 (USD 824,605) on May 27,

2022.  On May 30, 2022, the Georgian bank contacted the victim company's bank and raised

concerns regarding the authenticity of the May 23, 2022 payment of EUR 389,111.68 (USD

410,614).  The victim company researched the payments further and realized that it had been

communicating with unknown subject(s) posing as the South Korean media company.  The

victim company was able to recover the funds from the transfers to the Georgian bank account.

     5.      To further the investigation and to identify the perpetrators of the fraudulent

scheme, Bulgarian authorities have asked U.S. authorities to provide bank records pertaining to

Wells Fargo bank account number xxxxxx9438, and to interview the account holder(s).

## LEGAL BACKGROUND

     6.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of
> Justice, of an Attorney for the Government, a Federal judge may issue such orders
> as may be necessary to execute a request from a foreign authority for assistance in
> the investigation or prosecution of criminal offenses, or in proceedings related to
> the prosecution of criminal offenses, including proceedings regarding forfeiture,
> sentencing, and restitution.

*           *           *

> [A]n application for execution of a request from a foreign authority under this
> section may be filed . . . in the District of Columbia.

*           *           *

> The term "foreign authority" means a foreign judicial authority, a foreign
> authority responsible for the investigation or prosecution of criminal offenses or
> for proceedings related to the prosecution of criminal offenses, or an authority
> designated as a competent authority or central authority for the purpose of making
> requests for assistance pursuant to an agreement or treaty with the United States
> regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

3

7.      Congress enacted this section to make it "easier for the United States to respond

to [foreign] requests by allowing them to be centralized and by putting the process for handling

them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[1]  This section provides clear authority for the federal courts, upon application duly

authorized by an appropriate official of the Department of Justice, to issue orders that are

necessary to execute a foreign request.

8.      An application is duly authorized by an appropriate official of the Department of

Justice when the Office of International Affairs[2] has reviewed and authorized the request, and

executes the request itself or delegates execution to another attorney for the government.[3]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures
authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign
authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §
3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests
were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc.,
542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512,
Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in
response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093
(2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office
of International Affairs the authority to serve as the "Central Authority" under treaties and executive
agreements between the United States and other countries pertaining to mutual assistance in criminal
matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an
attorney for the government, or his or her office, receives the referral of the request for execution from
OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16,
2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P.
1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  See 18

U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to

facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

9.      Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2)

administer any necessary oaths; and (3) take testimony or statements and receive documents or

other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

or other things, the person appointed, commonly referred to as the "commissioner," typically

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or

executed anywhere in the United States.  18 U.S.C. § 3512(f).

REQUEST FOR ORDER

10.     The Office of International Affairs has reviewed and authorized the Request, and

is executing the Request itself.  Consequently, this application for an Order appointing the

undersigned attorney as a commissioner to collect evidence and to take such other action as is

necessary to execute the Request has been "duly authorized" within the meaning of Section

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Supreme

Prosecutors Office of Cassation in Bulgaria and seeks assistance in the investigation of fraud – a

criminal offense in Bulgaria.  The requested Order is necessary to execute the Request, and the

assistance requested, i.e., the production of bank records and interview(s) of account holder(s),

5

falls squarely within that contemplated by Section 3512.  Finally, this application was properly

filed in the District of Columbia.

11.     This application is being made *ex parte*, consistent with U.S. practice in its

domestic criminal matters.

12.     When executing a foreign request for assistance in a criminal matter, Section

3512 authorizes the use of compulsory process comparable to that used in domestic criminal

investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings

(i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than

the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued

in execution of a foreign request pursuant to Section 3512 likewise should require no notice

other than to the recipients.  This is true even if the Requesting State, as here, seeks financial

records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its

notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young

v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In

re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y.

1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince,

Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should

authorize a commissioner to collect the evidence requested without notice to any person(s) or

entity(ies) other than the recipient(s) of any given commissioner subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Michael E.

Eaton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the

intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:  _____

Michael E. Eaton
Trial Attorney
CT Bar Number 418893
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2706
Michael.E.Eaton@usdoj.gov